UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAX ANALYSTS and ALLEN KENNEY,<br>510 North Washington Street<br>Falls Church, VA 22046,<br><br>        Plaintiffs,<br><br>        v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, NW<br>Washington, DC 20224,<br><br>        Defendant. | No. |

## COMPLAINT FOR DISCLOSURE OF AGENCY RECORDS

1. Plaintiffs Tax Analysts and Allen Kenney seek disclosure by defendant Internal Revenue Service ("IRS") of agency records, to wit, monthly performance reports issued by the office of the Commissioner of Internal Revenue ("Commissioner"), head of IRS, from January 1, 2005, to the present.

### JURISDICTION AND VENUE

2. This court has jurisdiction of this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this district pursuant to 5 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Tax Analysts is a nonprofit corporation organized and existing under the laws of the District of Columbia. Tax Analysts is qualified as a charitable and educational organization described in IRC § 501(c)(3).

    (a) Tax Analysts' primary public education function is the publication and dissemination to the public in the United States and abroad of news and other information concerning the

enactment and administration of the tax laws of the United States, the several states and other countries, the adjudication of tax cases by courts and other tribunals of the United States, the several states and other countries, and other subjects relating to taxation.

(b) From its founding, Tax Analysts has made one of its primary missions and purposes the placing in the public domain, for the benefit of the American taxpaying public, of IRS' records relating to how IRS performs its function of administering the internal revenue laws of the United States. Tax Analysts does so, <u>inter alia</u>, through administrative requests and litigation under public information disclosure laws, including the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

(c) Plaintiff Allen Kenney is a reporter employed by Tax Analysts for its publication <u>Tax Notes</u>.

4.  Defendant IRS is an agency of the United States government with its headquarters in Washington, DC, in this judicial district.

**GOVERNING LAW**

5.  The FOIA, 5 U.S.C. § 552(a)(6)(A),(B),(C), (a) provides for disclosure of agency records within 20 working days of an agency's receipt of a properly framed request, (b) permits only one delay, of 10 days, for specified unusual circumstances and, (c) requires that the agency's notification of denial of a FOIA request set forth the names and titles or positions of each person responsible for such denial.

**CLAIMS FOR RELIEF**

6. On August 19, 2005, Allen Kenney, acting on Tax Analysts' behalf, submitted to IRS a request under the FOIA for any and all monthly performance reports issued by the office of the Commissioner to the IRS operating divisions from January 1, 2005, to the present.

7. Receiving no response to the request submitted on August 19, 2005, Allen Kenney repeated the request on January 23, 2006.

8. On February 17, 2006, IRS responded to the January 23, 2006, FOIA request, asking for additional time of 60 days "to locate and consider releasing" the records requested (Ex. 1). The request for delay did not comply with the only section of FOIA that permits delay in responding to a FOIA request, 5 U.S.C. § 552(a)(6)(B).

9. On March 16, 2006, IRS wrote to Allen Kenney stating, "[d]ue to transitions within the FOIA office in August 2005, and problems with the mail, [IRS] never received [Tax Analysts'] August 2005 request" (Ex. 2).

10. On May 9, 2006, IRS wrote again to Allen Kenney stating that it "was continuing to process your request," stating that the request had been transferred to IRS' Milwaukee, WI disclosure office "for processing," and representing that "additional time is needed for retrieving and reviewing records" (Ex. 3).

11. IRS sent to Allen Kenney letters substantively identical to Exhibit 3 on June 14, 2006, July 28, 2006, and August 31, 2006 (Exs. 4, 5, 6). Neither Exhibits 2, 3, 4, 5 or 6 complied with 5 U.S.C. § 552(a)(6)(B).

12. Exhibits 3, 4, 5 and 6 all were signed by IRS Tax Law Specialist Tom Mack, ID number 39-00847.

13. On September 6, 2006, plaintiffs' undersigned counsel telephoned Tom Mack at the telephone number given in Exhibits 2, 3, 4 and 5. A recorded message stated that Tom Mack was assigned to a special project and would not return to his office until September 26, 2006.

14. On September 26, 2006, plaintiff's undersigned counsel telephoned Tom Mack again. After calling IRS' FOIA headquarters in Washington, D.C., Mr. Mack called counsel back. Mr. Mack told counsel the matter was under consideration in IRS' Office of Chief Counsel, and that accordingly Mr. Mack would be sending out, on September 29, 2006, another letter similar to Exhibit 2, i.e., requesting another month's delay.

15. On October 2, 2006, Tom Mack and plaintiff's undersigned counsel spoke again by telephone. Mr. Mack stated that the matter was under consideration at IRS' Office of Chief Counsel in Washington, D.C. and that a decision was expected in two weeks.

16. On October 17, 2006, 15 days having passed, plaintiff's undersigned counsel telephoned Tom Mack and asked him about the status of IRS' response to the FOIA request submitted on August 19, 2005. Mr. Mack had no new information, but stated that he would call IRS' Headquarters and that "someone" would call counsel.

17. On October 18, 2006, Mr. Mack telephoned counsel and informed him that IRS' response would be mailed that day or the

next.  Counsel requested that Mr. Mack fax the letter to counsel.

18.  That same day, Mr. Mack faxed IRS' response (Ex. 7) to counsel.  The response stated that the FOIA request was denied in its entirety on the basis of 5 U.S.C. § 552(b)5, 6, 2 and 3 incorporating 26 U.S.C. § 6103.

19.  On October 19, 2006, plaintiffs' administrative appeal (Ex. 8) of the October 18, 2006, denial of their FOIA request was faxed to the FOIA Appeals office in Fresno, CA, designated by IRS in an attachment to the denial letter, and mailed to that office by certified mail, return receipt requested.

20.  By letter to counsel dated October 31, 2006 (Ex. 9), IRS' Fresno Appeals office acknowledged receipt of plaintiffs' administrative appeal on October 19, 2006.  The letter stated that IRS is "required to complete our consideration of your appeal within 20 business days after [that] date," _i.e._, no later than November 16, 2006, and that if IRS is "unable to complete your case in that time frame," plaintiffs could file this complaint.  The letter also stated that "it may take several weeks to retrieve the pertinent documents from [IRS'] Disclosure Office."  As of the date of this filing and service of this complaint, IRS had not decided plaintiffs' administrative appeal.

21.  IRS' failure to respond to plaintiffs' FOIA request until October 18, 2006, and IRS' failure to decide plaintiffs' administrative appeal within 20 business days of its receipt violated the FOIA, 5 U.S.C. § 552(a)(6)(A) and (B).

22.  Plaintiffs have exhausted their administrative remedies.

**REQUESTS FOR RELIEF**

23. Plaintiffs request that this court:

(a) Issue a declaratory judgment that IRS has violated the provisions of 5 § 552(a)(6)(A) and (B).

(b) Pursuant to 5 U.S.C.§ 552(a)(3) enjoin IRS from continuing to withhold and order IRS to release to plaintiffs and to the public the documents that plaintiffs requested under the FOIA on August 19, 2005, a request repeated on January 23, 2006.

(c) Pursuant to 5 U.S.C. § 552(a)(4)(E), award to plaintiffs the reasonable attorney's fees and litigation expenses incurred in prosecuting this action.

Respectfully submitted,

*William A. Dobrovir /cfh*

WILLIAM A. DOBROVIR
  D.C. Bar No. 030148
P.O. Box 198
Sperryville, VA 22740-0198
(540) 987-9114

*Cornish F. Hitchcock*

CORNISH F. HITCHCOCK
  D.C. Bar No. 238824
5301 Wisconsin Avenue, NW, Suite 350
Washington, D.C. 20015
(202) 364-1050

Dated: 20 November 2006    Attorneys for Plaintiffs

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
TAX ANALYSTS and ALLEN KENNEY

## DEFENDANTS
INTERNAL REVENUE SERVICE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Falls Church, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William A. Dobrovir, PO Box 198, Sperryville, VA 22740-0198, (540) 987-9114; Cornish F. Hitchcock, 5301 Wisconsin Ave, NW, Suite 350, Washington, DC 20015-2022, (202) 364-1050

ATTORNEYS (IF KNOWN)
Tax Division, U.S. Department of Justice, 10th & Pennsylvania Avenue, NW, Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ● I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC sec. 552; plaintiffs seek disclosure of records improperly withheld under FOIA and related relief

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 20 November 2006  SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

February 17, 2006

Allen Kenney
Tax Notes Investigator
510 N. Washington Street, Suite 400
Falls Church, VA  22046

Re: 03-2006-00678

Dear Mr. Kenney:

We must ask for additional time to locate and consider releasing the Internal Revenue Service records covered in your Freedom of Information Act (FOIA) request dated January 23, 20065, received in our office on February 01, 2006. We will try to respond within 60 days from the date of this letter. We are sorry for any inconvenience the delay may cause.

**IF YOU AGREE TO THIS VOLUNTARY EXTENSION**
If you agree too this extension of time, no reply to this letter is necessary. You will still have the right to file an appeal if we subsequently deny any request. You may wish to consider limiting the scope of your request so that we can process it more quickly. If you want to limit your request, please contact the person whose name and telephone number are shown above.

**IF YOU DO NOT AGREE TO THIS VOLUNTARY EXTENSION**
If you do not agree to this extension and do not want to modify the scope of your request, you may file suit. See 5 U.S.C. 552(a)(6)(C)(i). You may not appeal this letter. See revised FOIA regulations, at 31 C.F.R. 1.5(j) and 65 FEDERAL REGISTER 40504-4016 (June 30, 2000).

To file suit you must petition the U.S. District Court in the district in which you live or work, or where the records are located, or in the District Columbia, to obtain a response to your request. Your petition will be treated according to the Federal Rules of Civil Procedure which apply to actions against any agency of the United States. These procedures require that the IRS be notified of the pending suit, through service of process, which should be directed:

> Commissioner of Internal Revenue
> Attention: CC:PA:DPL
> 1111 Constitution Avenue, NW
> Washington, DC 20224

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 1

Mr. Kenney
Page 2.

If the court concludes you have unreasonably refused to limit your request or to accept the alternate timeframe for response, it may find that our failure to meet the statutory time frames in the FOIA is justified. See 5 U.S.C. 552(a)(6)(C)(iii).

We hope you will agree to allow us more time to process your request. If you wish to contact us, please call the person whose name and telephone number are shown above.

We will try to make our determination and provide the appropriate responsive information to you as quickly as possible.

Should you have questions, please refer to the control number referenced above and call me at (202) 622-3662.

Sincerely,

*Symeria R. Rascoe*

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office D3 - FOIA
Badge # 50-05919



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 16, 2006

Allen Kenney
Tax Notes
510 N. Washington Street, Suite 400
Falls Church., VA   22046

RE:  August 2005 FOIA

Dear Mr. Kenney:

This is in response to your inquiry concerning your Freedom of Information Act request of August 2005.

Due to transitions within the FOIA Office in August 2005, and problems with the mail, we never received your August 2005 request, therefore, we were unable to send you a reply.

We apologize for any inconvenience this may have caused you.

Sincerely,

Symeria R. Rascoe
Tax Law Specialist
Disclosure Office 3 - FOIA


Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 2



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

May 9, 2006

Mr. Allen Kenney
Tax Notes
510 N Washington Street, Suite 400
Falls Church, VA 22046

Dear Mr. Kenney:

Internal Revenue Service (IRS) Tax Law Specialist, Symeria R. Rascoe wrote to you on February 17, 2006, asking for more time to process your Freedom of Information Act (FOIA) request. In your request you asked for copies of the monthly performance reports issued by the IRS Commissioner's Office to the IRS's operating divisions for 2005 to the present

We are continuing to process your request. If we are unable to respond by June 9, 2006, we will contact you and inform you of the status of your case. We are sorry for any inconvenience the delay has caused. The additional time is needed for retrieving and reviewing records.

Your request has transferred to the Milwaukee, Wisconsin Disclosure Office for processing. If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Tom Mack, ID # 39-00847, at (414) 231-2765, or by mail at: Internal Revenue Service, Milwaukee Disclosure Office, 211 West Wisconsin Avenue, Mail Stop 7000MIL, Milwaukee, Wisconsin 53203-2221. Please refer to case number 50-2006-00894.

Sincerely,

Tom Mack
Tom Mack
Tax Law Specialist

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 3



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

June 14, 2006

Mr. Allen Kenney
Tax Notes
510 N Washington Street, Suite 400
Falls Church, VA 22046

Dear Mr. Kenney:

On May 9, 2006, we wrote asking for more time to process your Freedom of Information Act (FOIA) request. In your request you asked for copies of the monthly performance reports issued by the IRS Commissioner's Office to the IRS's operating divisions for 2005 to the present

We are continuing to process your request. If we are unable to respond by July 28, 2006, we will contact you and inform you of the status of your case. We are sorry for any inconvenience the delay has caused. The additional time is needed for retrieving and reviewing records.

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Tom Mack, ID # 39-00847, at (414) 231-2765, or by mail at: Internal Revenue Service, Milwaukee Disclosure Office, 211 West Wisconsin Avenue, Mail Stop 7000MIL, Milwaukee, Wisconsin 53203-2221. Please refer to case number 50-2006-00894.

Sincerely,

*Tom Mack*
Tom Mack
Tax Law Specialist

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 4

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

COMMUNICATIONS AND LIAISON

July 28, 2006

Mr. Allen Kenney
Tax Notes
510 N Washington Street, Suite 400
Falls Church, VA 22046

Dear Mr. Kenney:

On June 14, 2006, we wrote asking for more time to process your Freedom of Information Act (FOIA) request. In your request you asked for copies of the monthly performance reports issued by the IRS Commissioner's Office to the IRS's operating divisions for 2005 to the present

We are continuing to process your request. If we are unable to respond by August 31, 2006, we will contact you and inform you of the status of your case. We are sorry for any inconvenience the delay has caused. The additional time is needed for reviewing records.

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Tom Mack, ID # 39-00847, at (414) 231-2765, or by mail at: Internal Revenue Service, Milwaukee Disclosure Office, 211 West Wisconsin Avenue, Mail Stop 7000MIL, Milwaukee, Wisconsin 53203-2221. Please refer to case number 50-2006-00894.

Sincerely,

Tom Mack

Tom Mack
Tax Law Specialist

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 5



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

COMMUNICATIONS AND LIAISON

August 31, 2006

Mr. Allen Kenney
Tax Notes
510 N Washington Street, Suite 400
Falls Church, VA 22046

Dear Mr. Kenney:

On July 28, 2006, we wrote asking for more time to process your Freedom of Information Act (FOIA) request. In your request you asked for copies of the monthly performance reports issued by the IRS Commissioner's Office to the IRS's operating divisions for 2005 to the present

We are continuing to process your request. If we are unable to respond by September 29, 2006, we will contact you and inform you of the status of your case. We are sorry for any inconvenience the delay has caused. The additional time is needed for reviewing records.

If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Tom Mack, ID # 39-00847, at (414) 231-2765, or by mail at: Internal Revenue Service, Milwaukee Disclosure Office, 211 West Wisconsin Avenue, Mail Stop 7000MIL, Milwaukee, Wisconsin 53203-2221. Please refer to case number 50-2006-00894.

Sincerely,

Tom Mack
Tax Law Specialist

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 6



COMMUNICATIONS AND LIAISON

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

October 18, 2006

Mr. Allen Kenney
Tax Notes
510 N Washington Street, Suite 400
Falls Church, VA 22046

Dear Mr. Kenney:

This is in response to your Freedom of Information Act (FOIA) request dated January 23, 2006, and received in the Baltimore, Maryland Disclosure Office February 1, 2006. Attached to the January 23rd request was a copy of a prior FOIA request dated August 2005, that was not previously received by the Service. While we did not receive the August 2005 request, this response should be considered a response to both requests.

Your requests asked for copies of the monthly performance reports issued by the IRS Commissioner's Office to the IRS' operating divisions for 2005 to the present. We are withholding all reports in full pursuant to FOIA exemption (b)(5). That exemption protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party...in litigation with the agency." The governmental privilege exempts materials that reflect the agency's deliberative process. The underlying policy of the privilege is to encourage the full and frank exchange of opinions among personnel.

In addition, there may be items of information included in these reports that fall within other FOIA exemptions. For example, information concerning a specific taxpayer case would be redacted on the basis of FOIA exemption (b)(3) in conjunction with I.R.C. § 6103. FOIA exemption (b)(3) provides that the disclosure provisions of the FOIA do not apply to matters specifically exempted from disclosure by statute. Code section 6103, which prohibits the disclosure of a taxpayer's return and return information except as authorized by the Code, has been determined to be a (b)(3) statute.

The reports may also contain personnel related matters for which FOIA exemption 6 would apply. Exemption (b)(6) is applicable to parts of the reports containing sensitive personal information. That exemption permits an agency to withhold information from "personnel and medical files and similar files" that "would constitute a clearly unwarranted invasion of personal privacy" if released to the public.

Certain information from the reports would also be withheld pursuant to FOIA subsection (b)(2). That exemption protects matters related solely to the internal personnel rules and practices of an agency which would risk circumvention of a legal requirement. Documents are exempt under (b)(2) if the purpose for which they were generated is "predominantly internal" and their disclosure would "significantly risk circumvention of

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 7

2

agency regulations or statutes." FOIA exemption (b)(2) would apply, for example, to material that reflects the leveraging of enforcement resources or discussions of vulnerabilities.

Since we have denied your request in full we have enclosed Notice 393 explaining your appeal rights. If you have any questions regarding this correspondence, you may contact Tax Law Specialist, Tom Mack, ID # 39-00847, at (414) 231-2765, or by mail at: Internal Revenue Service, Milwaukee Disclosure Office, 211 West Wisconsin Avenue, Mail Stop 7000MIL, Milwaukee, Wisconsin 53203-2221. Please refer to case number 50-2006-00894.

Sincerely,

*Mahlor E. Blagg*

For Albert D. Adams, Jr.
Chief, Disclosure

Enclosures

11/15/2006 12:17 FAX 540 987 8169    WILLIAM A. DOBROVIR                    ☎003
OCT-19-06 THU 7:23 PM  KARNOW-MAPHATI   Case 1:06-cv-01983-ESH   Document 1-9   FAX NO. 301 956 2970   Filed 11/20/2006   Page 2 of 2   P. 4

# WILLIAM A. DOBROVIR
## ATTORNEY AT LAW

ALSO ADMITTED IN THE
DISTRICT OF COLUMBIA

P.O. BOX 198
SPERRYVILLE, VA 22740-0198

TEL (540) 987-9114
FAX (540) 987-8169
dobrovirpc@aol.com

October 19, 2006

BY TELECOPY (559) 452-3266 AND
CERTIFIED MAIL - RETURN RECEIPT REQUESTED

IRS Appeals
Attention: FOIA Appeals
5045 E. Butler Avenue
M/Stop 55201
Fresno, CA 93727-5136

Ladies and Gentlemen:

    As attorney for and on behalf of Allen Kenney and his principal, Tax Analysts, publisher of Tax Notes, for which Mr. Kenney is a reporter, I hereby appeal IRS' denial on October 18, 2006 (copy attached) of the FOIA requests (copies attached) dated August 19, 2005, and January 23, 2006.

    The records requested are all monthly performance reports issued by the IRS' Commissioner's office to the IRS' operating divisions from January 1, 2005, to the present.

    The office that sent the response letter is Communications and Liaison. The letter was signed by Mahlon E. Blagg for Albert D. Adams, Jr., Chief, Disclosure, and the contact person named in the letter is Tax Law Specialist Tom Mack, ID #39-00847, (414) 231-2765, IRS, Milwaukee Disclosure Office, 211 West Wisconsin Avenue, Mail Stop 7000MIL, Milwaukee, WI 53203-2221.

Sincerely yours,

William A. Dobrovir

Enclosures

cc:  Mr. Allen Kenney
     Tax Analysts
jk

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 8

**Internal Revenue Service**
Appeals Field Operations-West
IRS - Fresno Appeals Office
5104 N. Blythe Ave., Suite 201
Fresno, CA  93722-6429

**Department of the Treasury**

**Person to Contact:**
  Ronald Collet
  Employee ID Number: 78-00103
  Tel:  559-452-3038
  Fax: 559-452-3113

**Refer Reply to:**
  AP:FW:FRE:RMC

**In Re:**
  Freedom of Information Act

**Disclosure Case Number:**
  50-2006-00894

Date:  October 31, 2006

WILLIAM A. DOBROVIR
PO BOX 198
SPERRYVILLE VA  22740-0198

Dear Mr. Dobrovir:

This letter is our acknowledgement that on October 19, 2006 we received your Freedom of Information Act (FOIA) administrative appeal, dated October 19, 2006. We are required to complete our consideration of your appeal within 20 business days after the date we receive your appeal. If we are unable to complete your case in that time frame, you may seek judicial review by properly filing suit in the United States District Court in the district where you live or work, where your records are located or in the District of Columbia. The rules for filing such suit are set forth in Federal Rule of Civil Procedure 4(i).

It may take several weeks to retrieve the pertinent documents from the Disclosure Office. We will then complete our review and notify you in writing of our decision and of any judicial remedies that may be available to you. We apologize for any delay in responding to your request.

If you decide to file suit with the Court while we are considering your case, please advise this office in writing of your action. Once notified, we will terminate our consideration of your FOIA appeal and transfer jurisdiction to the Court.

In the interim, if you have any questions concerning the status of your appeal, please contact the Appeals Officer whose name and telephone number are listed above.

Sincerely,

Ronald Collet
Appeals Officer

Enclosures:
  Publication 4227 Welcome to Appeals

Tax Analysts and Allen Kenney
v. IRS

Plaintiffs' Exhibit 9