IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAX ANALYSTS and ALLEN KENNEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-cv-01983-ESH |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR A <u>VAUGHN</u> INDEX OR,
IN THE ALTERNATIVE, FOR IN CAMERA INSPECTION**

Defendant, Internal Revenue Service ("the Service"), submits its opposition to Plaintiffs' Motion for a <u>Vaughn</u> Index or, in the Alternative, for In Camera Inspection in this Freedom of Information Act ("FOIA") action.

INTRODUCTION

Plaintiffs have asked this Court to order the Internal Revenue Service to produce either a <u>Vaughn</u> index [1] of responsive documents that have been withheld in response to plaintiffs' FOIA request or to submit the withheld documents for *in camera* inspection. Plaintiffs' motion is premature. First, the motion does not even afford the Service the opportunity to establish its contention that there are no documents

---

[1] A <u>Vaughn</u> index is a page-by-page itemization and indexing of withheld documents. On each page, the government agency describes the content of the withheld information, the exemption claims at issue, and how each exemption claim correlates to the withheld material.

2182090.3

responsive to plaintiffs' FOIA request, because the specific documents requested do not exist. Second, to the extent there are documents which might be considered within the scope of the FOIA request's language, the Service must be permitted the opportunity to present a dispositive motion with factual support in the manner it deems most effective, including the submission of detailed declarations, to support its exemption claims.

That is even more important here, since the Service contends that the entirety of the documents, if responsive, should be withheld in full under Exemption 5 and the deliberative process privilege. This is due to the nature of the documents' creation and the decision-making process involved in compiling the documents. It is not solely dependent on the specific information in the documents, including whether information is deemed factual or not. As **context** rather than **content** is crucial here, a page-by-page <u>Vaughn</u> index will not further the Court's search for truth but will cause the Service to engage in a mindless exercise of repeating the same information page after page. While this case is primarily about the scope of FOIA Exemption 5 and the deliberative process privilege, the Service does intend to produce page-by-page indexes of any other exemption claims (<u>e.g.</u>, Exemptions 2, 3, and 6) that may be applicable to discrete portions of the documents to the extent the Court deems the documents responsive and not exempt in full.

STATEMENT OF THE CASE

Plaintiffs filed this case on or about November 20, 2006 under the FOIA. In their complaint, plaintiffs allege that they submitted to the Service a FOIA request for "any

and all monthly performance reports issued by the office of the Commissioner to the IRS operating divisions from January 1, 2005 to the present." (Complaint, ¶ 6.)[2] While plaintiffs' complaint alleges that the Service did not respond to their FOIA request within the time permitted by the FOIA, they nowhere allege the prerequisite for an action by this Court: that the Service has improperly withheld agency records.

    The Internal Revenue Service timely filed its answer on December 26, 2006. As its first affirmative defense, the Service asserted that it has not improperly withheld agency records. This is so for two reasons. First, there have been no reports issued by the Office of the Commissioner to the IRS operating divisions subsequent to January 1, 2005. Admittedly, the IRS Disclosure Officer who responded to plaintiffs' January 23, 2006 FOIA request mistakenly treated as responsive to the request monthly performance reviews prepared by a staff member of the Office of the Commissioner, on the basis of information furnished by, and compiled from, the IRS operating divisions for the benefit and use of the Commissioner and his senior executive team. But these reports are not responsive to plaintiffs' request.[3] To the extent the current reports are considered within the scope of plaintiffs' FOIA request, the Service contends that they are exempt from disclosure in their entirety under Exemption 5 and the deliberative

---

[2] The request was not attached as an exhibit to the complaint. Plaintiffs have provided a copy of the alleged request to the Service's counsel.

[3] Also, these current monthly performance reviews are not the same as the monthly reports summarized by Exhibit A to plaintiffs' motion – those monthly reports having been used by the prior Commissioner and discontinued by the current Commissioner – but they are quite similar.

process privilege. Thus, there is a second, independent reason why there has been no improper withholding of agency records. The Service contends that the documents as a whole, including the factual portions, represent the deliberative judgment of lower-level employees in extracting pertinent material and presenting it to the Commissioner for the purpose of the Commissioner taking discretionary actions, as well as the predecisional thought processes of the Commissioner himself. [4]

The Service intends to file a dispositive motion supported by detailed declarations on or before February 28, 2007 [5] to substantiate both of its grounds for asserting that agency records have not been improperly withheld here: (1) that there are no responsive documents, and (2) that the monthly performance reports are exempt from disclosure in their entirety under Exemption 5 and the deliberative process privilege. The detailed declarations will also provide the evidentiary basis to support defendant's alternative ground for withholding portions of the documents under

---

[4] If this Court finds that the monthly performance reviews are responsive and are not exempt in full due to Exemption 5 and the governmental deliberative process privilege, the Service also intends to assert that portions of these documents are exempt under the deliberative process privilege, as well as additional portions under Exemption 3 combined with 26 U.S.C. § 6103, Exemption 2, and Exemption 6. Defendant's counsel misunderstood the Service's intention to assert partial redactions under Exemption 2 and 6 and mistakenly communicated to plaintiffs' counsel that there were no such redactions. Defendant apologizes for the error but contends that it does not affect the analysis of plaintiffs' present motion.

[5] This is the Service's good faith intention based primarily on its desire to file its dispositive motion prior to its counsel starting a three-week trial on March 5, 2007. It does reflect, however, an ambitious schedule for preparing the type of detailed declarations that will be necessary.

Exemption 5.  In addition, defendant will also provide page-by-page Vaughn indices for the particular pages in which any additional exemptions are claimed, such as Exemptions 2, 3, and 6.

ARGUMENT

I.  Plaintiffs' Motion Is Premature:  the Internal Revenue Service Should Be Afforded the Opportunity to Establish Through Detailed Declarations That Agency Records Have Not Been Improperly Withheld.

Plaintiffs ask this Court to order the Service to produce either a Vaughn index of all withheld documents or to produce the documents for *in camera* inspection, but this motion is premature.  The Service as the government agency whose records are at issue has the burden of justifying its withholding decisions, but it also must be afforded the opportunity to establish that justification through any means it believes are warranted: not only via a Vaughn index or *in camera* inspection but also possibly through detailed declarations.  Substance – not form – rules.  Declarations are sufficient if they are sufficiently detailed so that the Court can reasonably evaluate the government's privilege claims.  Nothing in the case that gave rise to the Vaughn index – Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974) – is to the contrary.

Under the FOIA, government agencies bear the burden of justifying their decision to withhold agency documents.  See 5 U.S.C. § 552(a)(4)(B); see also, King v. United States Dep't of Justice, 830 F.2d 210, 217 (D.C. Cir. 1987); Public Employees for Environmental Responsibility v. United States Dep't of the Interior, 2006 WL 3422484, * 3 (D.D.C. Nov. 28, 2006).  To sustain its burden, the agency "must provide a relatively

detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating these claims with the particular part of a withheld document to which they apply." Ibid. (citing King, 830 F.2d at 219).

While the FOIA expressly states what a government agency must prove, it is silent as to how it must go about proving it. Accordingly, a court's focus should be on the substance of the government's withholding justification, not its form. Gallant v. NLRB, 26 F.3d 168, 172 (D.C. Cir. 1994) (citing Vaughn v. United States, 936 F.2d 862, 867 (6th Cir. 1991) ("Vaughn II")). Any form of factual showing will adequately assist the Court if it "'[p]rovides a relatively detailed justification, specifically identif[ies] the reasons why a particular exemption is relevant and correlat[es] those claims with the particular part of a withheld document to which they apply.'" Judicial Watch, Inc. v. FDA, 449 F.3d 141, 146 (D.C. Cir. 2006) (quoting Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 251 (D.C. Cir.1977)). This includes not only *in camera* review and the so-called Vaughn index, but also a detailed affidavit or oral testimony. Gallant, 26 F.3d at 172-73 (citing Vaughn II at 867).

The United States District Court for the District of Columbia Circuit has repeatedly upheld government assertions of FOIA exemption claims based upon a less-exacting submission than a Vaughn index. Maydak v. United States Dep't of Justice, 218 F.3d 760, 766 (D.C. Cir. 2000), cert. denied, 533 U.S. 950 (2001). Recently, in Judicial Watch, Inc., the D.C. Circuit reiterated that an agency may specifically submit supporting affidavits "in lieu of" a Vaughn index "'so long as they give the reviewing

court a reasonable basis to evaluate the claim of privilege.'" <u>Judicial Watch, Inc.</u>, 449 F.3d at 146 (quoting <u>Gallant</u>, 26 F.3d at 172-73); <u>see also</u>, <u>King</u>, 830 F.2d at 217 (agency can meet its burden by filing affidavits describing materials withheld and how they fall within a claimed exemption); <u>Public Employees for Environmental Responsibility</u>, 2006 WL 3422484, *4 (summary judgment may be granted solely on the basis of agency affidavits that are clear, specific, and reasonably detailed where there is no contradictory evidence of agency bad faith). Indeed, the D.C. Circuit has repeatedly sustained summary judgment awards to government agencies based solely on the factual record provided by agency affidavits. <u>See</u>, <u>e.g.</u>, <u>Gallant</u>, 26 F.3d at 168 (declining to order <u>Vaughn</u> index and sustaining Exemption 6 claim); <u>Brinton v. Department of State</u>, 636 F.2d 600, 606 (D.C. Cir. 1980) (sustaining summary judgment on Exemption 5 deliberative process privilege claim), <u>cert. denied</u>, 452 U.S. 905 (1981); <u>Mervin v. FTC</u>, 591 F.2d 821 (D.C. Cir. 1978) (sustaining summary judgment on Exemption 5 attorney work-product claim); <u>see also</u>, <u>Public Employees for Environmental Responsibility</u>, 2006 WL 3422484, *5-7 (awarding summary judgment on Exemption 5 deliberative process privilege claim).

Thus, the Court here should afford the Internal Revenue Service the opportunity to establish its justification for establishing its deliberative process exemption claim by means of detailed declarations. Before the Service has been given that opportunity, plaintiffs' motion for a <u>Vaughn</u> index is premature. <u>Stimac v. United States Dep't of Justice</u>, 620 F. Supp. 212 (D.D.C. 1985). Likewise, a motion for *in camera* inspection is

also premature since *in camera* inspection is "neither necessary nor appropriate" if the agency meets its burden through the introduction of detailed affidavits.  Center for Auto Safety v. EPA, 731 F.2d 16, 23 (D.C. Cir. 1984) (quoting Weissman v. CIA, 565 F.2d 692, 696-97 (D.C. Cir. 1977)); see also, Vaughn II, 936 F.2d at 869 (same); Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987) (same); Kimberlin v. Department of the Treasury, 774 F.2d 204, 210 (7th Cir. 1985) (same); see also, Mervin, 591 F.2d at 826 (*in camera* not necessary in all cases).  Thus, plaintiffs' motion should not even be considered until after the Service files its dispositive motion. [6]

Nor is the Vaughn case itself to the contrary.  The Vaughn court merely refused to continue considering "conclusory and generalized" allegations of exemption claims; instead, it noted that, in the future, government agencies would be required to put forward "relatively detailed analysis in manageable segments."  Vaughn, 484 F.2d at 826.  While the index the court proposed was one manner of providing this information, the court specifically quoted the Supreme Court for the proposition that affidavits could provide the necessary showing:  "'An agency should be given the opportunity, by means of *detailed affidavits or oral testimony*, to establish to the satisfaction of the District Court that the documents sought fall clearly beyond the range of material...[subject to disclosure].'"  Id. at 827 (quoting EPA v. Mink, 410 U.S. 73, 93 (1973)) (emphasis

---

[6] Even if this Court ultimately concludes that the Service's affidavits are inadequate to sustain its burden of proof, the Court still can choose to order more detailed affidavits or to opt for *in camera* inspection rather than requiring a Vaughn index.  See Maydak, 218 F.3d at 767.

supplied in Vaughn). Thus, the Vaughn case itself agrees that plaintiffs' motion here is premature.[7]

Therefore, this Court should await the filing of the Internal Revenue Service's dispositive motion with accompanying support before determining whether any further factual showing is required and, if a further factual showing is required, whether that further showing should be by more detailed affidavits, *in camera* inspection, or a Vaughn index.

II.     A Vaughn Index Is Particularly Ill-Suited to the Present Case.

As stated above, plaintiffs' motion is clearly premature. Moreover, because of the nature of this case, a Vaughn index will not be warranted at a later time. First, the motion fails to account for the Service's argument that the documents plaintiffs seek are not responsive to their FOIA request. This showing can be made by one or more declarations; thus, the production of a labor-intensive Vaughn index, describing every page of these documents, could well be a colossal waste of time. Second, even if the documents identified by the Disclosure Officer are responsive, the Service's plan to describe these documents and its deliberative process claims through detailed declarations should be sufficient to sustain its burden of proof on the exemption claim. On the other hand, a Vaughn index would not satisfactorily address the context of

---

[7] St. Andrews Park, Inc. v. Army Corps of Engineers, 299 F.Supp.2d 1264 (S.D. Fla. 2003), cited by plaintiffs, also points out that both a Vaughn index and *in camera* inspection are discretionary, not mandatory, vehicles. Id. at 1270.

defendant's claim and would prove unduly repetitive for what is predominantly a single exemption claim.

This Court relied upon both the sufficient nature of declarations in a case such as this one and avoidance of the unnecessary repetition in holding in Tax Analysts v. IRS, 414 F.Supp.2d 1 (D.D.C. 2006), that a Vaughn index was unnecessary to resolve the issues surrounding plaintiff's FOIA request. The Court first held that the content provided by a Vaughn index was unnecessary: the Service's declaration there clearly described the category of documents at issue in contrast to the conclusory affidavits at issue in Vaughn, which did not reveal the contents of what was being withheld. The Court also noted that, unlike in Vaughn – where three exemptions were involved and the government affidavits did not make clear which exemption covered which withheld portion – the Tax Analysts case involved a single claim under Exemption 5 and the deliberative process privilege, thus obviating the need to clarify the statutory basis and rationale for each withholding. Tax Analysts, 414 F.Supp.2 at 3-4. [8]

Here, a Vaughn index will add nothing to a determination of the exemption claims and will produce unnecessary repetition. As stated above, the Service will contend that the documents should be withheld in full under the deliberative process privilege due to the character of the decisions made as to the information that was included and excluded from the reports. The case, therefore, is analogous to Mapother

---

[8] While the Tax Analysts court ordered *in camera* inspection, it did so there at the request of the Service. See Tax Analysts, 414 F.Supp.2d at 3.

v. Department of Justice, 3 F.3d 1533 (D.C. Cir. 1993), a case cited by the plaintiffs. There, the D.C. Circuit held that the majority of a report relating to a Justice Department decision to exclude a foreign leader from the United States, although factual in nature, was exempt under Exemption 5 and the deliberative process privilege because it was assembled through the exercise of judgment in extracting pertinent material from a number of documents for the benefit of an official charge with taking discretionary action. Id. at 1537-40. Since the Vaughn index focuses on content, requiring the Service to describe page-by-page the information being withheld, rather than context, it is unavailing here: "When ... a claimed FOIA exemption consists of a generic exclusion, dependent upon a category of records, rather than the subject matter which each individual record contains, resort to a Vaughn index is futile." Church of Scientology of Cal. v. IRS, 792 F.2d 146, 152 (D.C. Cir. 1986).

    Resort to a Vaughn index here would also be unnecessarily repetitive. When the D.C. Circuit proposed the Vaughn index, it was to assist in a case where there was a large document and a need to separate the disclosable from the allegedly exempt portions. Vaughn I, 484 F.2d at 827. The detailed index was also necessary there because the government was claiming that the document should be withheld under some combination of three different exemption claims. Ibid. In contrast, here, the Service contends that the entire document should be withheld under a single exemption claim: Exemption 5 combined with the deliberative process privilege. A Vaughn index will require the Internal Revenue Service to robotically repeat the same exemption claim

page-after-page, which is a waste of government resources and of no real assistance to the Court.[9]

Nor is plaintiff prejudiced by this. The Vaughn index is designed primarily to assist the Court in evaluating agency claims; any assistance to the requester's ability to analyze the claim is incidental. See Exxon Corp. v. FTC, 384 F. Supp. 755, 761 (D.D.C. 1974); see also, Vaughn I, 484 F.2d at 827 (purpose to aid District Court); Lewis, 823 F.2d at 380 (same); but see, Kimberlin v. Department of Justice, 139 F.3d 944, 950 (D.C. Cir.), cert. denied, 525 U.S. 891 (1998). Although the documents summarized by Exhibit A to plaintiffs' motion are not documents described by their request, they are similar to the ones plaintiffs seem to contend are at issue in this case. Thus, if the current monthly performance reviews are considered within the scope of plaintiffs' request, plaintiffs already know what the documents look like. Also, plaintiffs will, unlike with an *in camera* inspection which they propose as an alternative, have access to the government's declarations and its contextual defense of the deliberative process privilege claim, as well as the government's page-by-page indexing of it Exemptions 2, 5, and 6 claims. The Service's proposed manner of proceeding is not prejudicial to plaintiffs.

Thus, the Vaughn index would not assist the Court or plaintiffs in evaluating the government's Exemption 5 claim here but would put the Service to needless repetitive work. A Vaughn index simply is not warranted here.

---

[9] To the extent, the United States contends that discrete portions of the document should also be withheld under Exemptions 2, 3, and 6, it currently intends to prepare Vaughn indices of those particular pages.

CONCLUSION

Plaintiffs' motion is both premature and unwarranted. The Service must be afforded the opportunity to present its dispositive motion accompanied by factual support in the manner it deems best. In this case, detailed declarations clearly are the most effective and efficient manner of presenting the facts necessary to the Court's ultimate determination. Accordingly, the Internal Revenue Service submits that this Court should deny plaintiffs' motion.

Dated: January 25, 2007

/s/ David M. Katinsky
DAVID M. KATINSKY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6435

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2182090.3

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A <u>VAUGHN</u> INDEX OR, IN THE ALTERNATIVE, FOR IN CAMERA INSPECTION and proposed ORDER DENYING DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR A <u>VAUGHN</u> INDEX OR, IN THE ALTERNATIVE, FOR IN CAMERA INSPECTION were caused to be served this 25th day of January, 2007, by depositing a true and correct copy thereof in the United States mail, postage prepaid, addressed as follows:

>William A. Dobrovir, Esq.
>P.O. Box 198
>Sperryville, VA 22740-0198
>
>Cornish F. Hitchcock, Esq.
>Suite 350
>5301 Wisconsin Avenue, N.W.
>Washington, D.C. 20015

>/s/ David M. Katinsky
>DAVID M. KATINSKY

2182090.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAX ANALYSTS and ALLEN KENNEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:06-cv-01983-ESH |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFFS' MOTION
FOR A <u>VAUGHN</u> INDEX OR, IN THE
ALTERNATIVE, FOR IN CAMERA INSPECTION**

Having considered PLAINTIFFS' MOTION FOR A <u>VAUGHN</u> INDEX OR IN THE ALTERNATIVE FOR IN CAMERA INSPECTION, the defendant's opposition, and the entire record of this proceeding, it is hereby

ORDERED that PLAINTIFFS' MOTION FOR A <u>VAUGHN</u> INDEX OR IN THE ALTERNATIVE FOR IN CAMERA INSPECTION be, and hereby is, DENIED; and it is further

ORDERED that the Clerk shall distribute copies of this order by ECF to all counsel of record.

SO ORDERED this ___ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

2184362.1